# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAMOUDOU DEH,                                     )
                                                  )
                                                  )          3:26-CV-00738-MJH
                     Petitioner,                  )
                                                  )
         vs.                                      )
                                                  )
WARDEN MOSHANNON VALLEY                           )
PROCESSING CENTER, MOSHANNON                      )
VALLEY PROCESSING CENTER;                         )
SECRETARY MARKWAYNE MULLIN,
SECRETARY OF THE U.S.
DEPARTMENT OF HOMELAND
SECURITY; TODD BLANCHE, BRIAN
MCSHANE, DIRECTOR OF THE
PHILADELPHIA FIELD OFFICE OF U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT; AND U.S.
DEPARTMENT OF HOMELAND
SECURITY,

                     Respondents,


## OPINION

Petitioner, Mamoudou Deh, who is currently detained at Moshannon Valley Processing Center ("MVPC"), has filed a Habeas Petition, naming as Respondents: Warden, Moshannon Valley ICE Processing Center; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; U.S. Department of Homeland Security; Todd Blanche, Acting Attorney General of the U.S.; and Brian McShane, Director of the Philadelphia Field Office of U.S. Immigration and Customs Enforcement (collectively, "Respondents"). Mr. Deh's Habeas Petition is ripe for decision. The issue in this matter is whether Mr. Deh may be detained under 8

1

U.S.C. § 1225(b)(2)(A) or under 8 U.S.C. § 1226(a). For the reasons below, Mr. Deh's Petition for Writ of Habeas Corpus will be granted in part and denied in part.

### I.  Statement of Facts

Mr. Deh represents that he is a 43-year-old citizen of Mauritania who crossed the U.S.-Mexico border near Otay Mesa, California on or around March 6, 2024. (ECF No. 1, at ¶ 20). Mr. Deh was "briefly detained by immigration authorities, released into the community and given a Notice to Appear from DHS to attend future Immigration Court hearings." (*Id.* at ¶ 21); (ECF No. 1-3). Mr. Deh filed a Form I-589, Application for Asylum and Withholding of Removal on June 2, 2024. (ECF No. 1, at ¶ 22). Mr. Deh was living in Philadelphia, Pennsylvania when he attended a routine immigration appointment on February 10, 2026. (*Id.* ¶ 25). While at the immigration appointment, he was arrested and detained at MVPC. (*Id.* ¶ 26). On March 20, 2026, the Immigration Judge in Mr. Deh's removal matter denied all relief and ordered Mr. Deh removed. (*Id.* ¶ 30). On April 1, 2026, Mr. Deh appealed the IJ's decision to the Board of Immigration appeals. (*Id.* ¶ 31). Mr. Deh's appeal is still pending. (*Id.* ¶ 32).

### II.  Discussion

### A.  Relevant Statutes

8 U.S.C. 1225(b)(2)(A) provides, "Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." Turning to § 1226, the pertinent language provides:

**§ 1226. Apprehension and detention of aliens**

**(a) Arrest, detention, and release**

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—

**(1)** may continue to detain the arrested alien; and

**(2)** may release the alien on—

**(A)** bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

**(B)** conditional parole; but

**(3)** may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

### B.  Application to Mr. Deh

Respondents argue that Mr. Deh is classified as an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A); and thus, subject to mandatory detention. (ECF No. 5, at 5-6). Respondents maintain that "'applicants for admission' are necessarily 'seeking admission' until they have been admitted or until their removal proceedings are complete." (*Id.*). Respondents recognize that this is the minority view as regards this issue, but rely on the Fifth and Eighth Circuit Court of Appeals, whose opinions agree with their argument. *See Buenrostro-Mendez v. Bondi,* 166 F.4th 494, 502 (5th Cir. Feb. 6, 2026); *See also Herrera Avila v. Bondi*, 170 F.4th 1128, 1138

(8th Cir. Mar. 25, 2026). Mr. Deh argues that the text, structure, and purpose of the INA support his argument that § 1226(a) governs his detention, not § 1225(b)(2)(A), and that he should be afforded a bond hearing, because he was within the interior of the country when he was detained. (ECF No. 6, at 2). Mr. Deh's argument is consistent with the majority view regarding this issue.

The majority view is that § 1225(b)(2) applies only to aliens who are detained at the border, not to those who have been residing in the country for some time. *See Villagrez v. Bondi, et al.*, No. 26-72, 2026 WL 545380 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.) (citing Calzado Diaz v. Noem, No. 3:25-CV-00458, 2025 WL 3628480, at *1 (W.D. Pa. Dec. 15, 2025) (Haines, J.). Respondents acknowledge that "all courts in this district, many district courts elsewhere, and the Second Circuit Court of Appeals have reasoned that § 1225(b)(2)(A) requires that an 'applicant for admission' be actively 'seeking admission' at or near the border to fall within its scope." (ECF No. 5, at 6). Individuals in similar situations to Mr. Deh have been afforded a bond hearing under 8 U.S.C. §1226(a). *See e.g., Barbosa Da Cunha v. Freden*, 2026 WL 1146044; *Calzado Diaz v. Noem*, No. 3:25-cv-458, 2025 WL 3628480, at *3-7 (W.D. Pa. Dec. 15, 2025) (Haines, J.), vacated as moot, Dkt. No. 22 (Dec. 17, 2025) (explaining that "the general legal conclusions in the Court's opinion … remain unchanged."); *Nunez Ramos v. Noem*, No. 3:25-CV-00387, 2025 WL 3687335, at *4 (W.D. Pa. Dec. 19, 2025) (Brown, M.J.); *Vasquez Mejia v. Noem*, No. 3:25-CV-00333, 2025 WL 3546427, at *4 (W.D. Pa. Dec. 11, 2025) (Brown, M.J.); *Ico Coc v. Warden Leonard Oddo*, No. 3:25-CV-00381, 2025 WL 3753965 (W.D. Pa. Dec. 29, 2025) (Taylor, M.J.); *Silva Cova v. Rose*, No. 3:26-cv-101 (W.D. Pa.), Feb. 11, 2026, Memo. Order (Stickman, J.; ECF No. 9); *Cifuentes Alvarez v. Noem et al.*, 3:26-cv-73 (ECF 10) (W.D. Pa., Feb. 26, 2026) (Ranjan, J.); *see also Aguirre-Guevara v. Oddo*, No. 3:26-cv-70 (W.D. Pa.), Feb. 11, 2026, Memo. Order (Stickman, J.; ECF No. 8) ("The Court disagrees with the decision of the

4

United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, --- F.4th ---, 2026 WL 323330 (5th Cir. Feb. 6, 2026), Petitioner's detention is governed by § 1226(a), and the Court holds that he has a statutory right to a bond hearing"); *Padilla Ventura v. Rose*, No. 3:26-cv-65 (W.D. Pa.), Feb. 3, 2026, Order (Wiegand, J.; ECF No. 13) ("This Court joins the overwhelming majority of District Courts to hold that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the Country. *See Singh v. Oddo*, No. 3:25-cv-00429, 2026 WL 73789, *4 (W.D. Pa. Jan. 9, 2026) (noting 'growing consensus')"). In addition, the Seventh Circuit has recently reiterated the majority view on this issue. *See Margarito Castañon-Nava, et al., v. U.S. Department of Homeland Security, et al.*, No. 25-3050, 2026 WL 1223250, 21-49 (7th Cir. May 5, 2026).

Mr. Deh's factual circumstances are similar to those cases listed above. Mr. Deh entered the United States in California on March 6, 2024, and after a brief inspection, was released into the interior of the country. On February 10, 2026, in Philadelphia, Pennsylvania, where he was residing, he was arrested during a regular immigration appointment and detained at MSVC. For the reasons discussed extensively by the courts cited above, which make up the majority view on this issue, this Court agrees with Petitioner. Respondents have not put forth any argument to convince the Court otherwise.

## C. Conclusion

For these reasons, the Court holds that Mr. Deh is entitled to a bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days of the date of this Opinion, and his Habeas Petition will be grated insofar as he seeks such a bond hearing. Mr. Deh's Petition for Writ of Habeas Corpus will be denied in all other respects. A separate order to follow.

DATED: _May 7, 2026_

Marilyn J. Horan
United States District Judge